# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MAKOWSKI,       Plaintiff, | : : : | CIVIL ACTION |
| v. | : : | |
| ANDREW M. SAUL,[1]       Defendant. | : : : | No. 19-3821 |

## MEMORANDUM OPINION

**Timothy R. Rice**                                                                                **February 14, 2020**
**U.S. Magistrate Judge**

Plaintiff Gregory Makowski alleges the Administrative Law Judge ("ALJ") erred in denying disability insurance benefits by improperly weighing the medical opinion evidence and finding his testimony inconsistent with the medical evidence. Id. at 7, 15. For the reasons explained below, I deny Makowski's claims.[2]

I.      Medical Opinion Evidence

Makowski's treating psyching, Dr. George Seavy, concluded that he cannot work an eight-hour day, needs frequent position changes, must sit/stand every twenty minutes, can walk less than two city blocks, can occasionally lift and carry ten pounds, can rarely lift and carry twenty pounds, is capable of low stress work, and is likely to be "off task" "25% or more" of the time in a typical workday. Tr. at 689–92. Makowski's treating psychologist, Dr. Claire

---

[1]      Pursuant to Fed. R. Civ. P. 25(d) and 42 U.S.C. § 405(g), Saul was automatically substituted into cases brought against the Commissioner upon his appointment.

[2]      Makowski consented to my jurisdiction on August 29, 2019 (doc. 5), pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 72, Local Rule 72.1, and Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018). See also Roell v. Withrow, 538 U.S. 580, 584 (2003) (consent to Magistrate Judge jurisdiction can be inferred from failure to object after notice and opportunity).

McGrath, concluded he can walk at least two city blocks, sit for one hour before needing a position change, will have a difficult time with regular eight-hour shifts, will need two or three unscheduled five-minute breaks in a six-hour shift, and is likely to be "off task" "25% or more" of the time in a typical eight-hour workday. Id. at 683–88. The consulting physician, Dr. Michael Lombard, concluded that Makowski can lift and carry twenty pounds occasionally and ten pounds frequently, can stand and walk for six hours in an eight-hour workday, or can sit for six hours in an eight-hour workday with postural and environmental limitations. Id. at 87–97.

The ALJ concluded that Dr. Seavy's and Dr. McGrath's opinions are "unsupported by the medical evidence [] as a whole" and that Dr. Lombard's opinion is "generally consistent with the medical evidence of record." Id. at 22–23.

Makowski argues that the ALJ did not support those decisions with substantial evidence because he failed to provide an explanation for his ruling. Pl. Br. at 8–11 ("The entirety of the ALJ's discussion of Dr. Seavy's medical source state is four sentences long" . . . and Dr. McGrath's "consists of a total of two sentences."). I disagree.

A treating physicians' opinion is entitled "controlling weight" only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record.[3] 20 C.F.R. § 404.1527(c)(2). The ALJ may need to first address conflicts in the medical evidence, choose whom to credit, and give some reason for discounting the evidence he rejects. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ is required to give only some indication of the evidence he rejects and his reason(s) for discounting such evidence. See id.; Rutherford v. Barnhart, 399 F.3d 546,

---

3   For claims filed on or after March 27, 2017, treating medical source opinions are evaluated under 20 C.F.R. § 404.1520(c). See 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

553 (3d Cir. 2005) (substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence").

In a detailed review of Makowski's records, the ALJ highlighted significant objective medical evidence that is inconsistent with Dr. Seavy's and Dr. McGrath's opinions. Tr. at 20–25. For example, the ALJ noted that "Seavy and Sestito Internal Medicine progress notes revealed [Makowski's] admission of walking up to four miles per day" and several "unremarkable physical examinations," id. at 21, "Penn Medicine Department of Neurology . . . physical [and mental status] examinations were unremarkable revealing . . . regular heart rate[,] . . . 5/5 strength[,]. . . alertness, full orientation, . . . normal attention, fund of knowledge and recall," id. at 22, and "SE Pain Management" records consistently reported a regular heart rate, clear lungs, normal chest, intact sensation, alertness, and intact cognitive function, as well as Makowski's admission that "pain medication was very helpful for him to be able to enjoy [walking] with his wife" on two recent vacations, id.; see also id. at 348–351, 391–394, 438–39, 441, 482, 485, 453, 597, 599, 603–35. The ALJ's discussion cites substantial evidence, see Rutherford, 399 F.3d at 553, and provides a sufficient explanation for his treatment of the medical opinions, see Plummer, 186 F.3d at 429.

Makowski also argues that that the ALJ's treatment of Dr. Seavy's and Dr. McGrath's opinion is not supported by substantial evidence because he failed to consider required regulatory factors. Pl. Br. at 11–14. I disagree.

If a treating physician's opinion does not merit controlling weight, the ALJ must weigh medical opinions based on listed regulatory factors. 20 C.F.R. § 404.1527(c)(2)(i)–(ii), (c)(3)–(6) (length and frequency of the treatment relationship, "nature and extent of the treatment relationship," the opinion's "supportability" and consistency with the record as a whole, the

opining physician's specialization, and factors such as the opining physician's familiarity with the standards of the Social Security program).

Although the ALJ did not explicitly address the length, frequency, nature, or extent of each physician's treatment relationship, consideration of those factors would not have weighed in favor of Dr. Seavy or Dr. McGrath. Thus, any error is harmless.

The ALJ determined that Dr. Seavy's opinion was inconsistent with his own records. Tr. at 21. Factoring in the extent and length of Dr. Seavy's treatment relationship would not have cured such contradictory evidence. See Brownawell, v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (an ALJ may reject a treating physician's opinion solely because of contradictory medical evidence).

Dr. McGrath did not submit medical records, Tr. at 35 ("Neither mental health provider will release their notes[.]"); she submitted only a medical source statement where she checked off boxes and filled in blanks, id. at 683. As a result, the ALJ could only compare her opinion with the medical evidence from other treatment providers. The ALJ had no records documenting the nature and extent of Dr. McGrath's treatment relationship with Makowski. See Schmidt v. Comm'r Soc. Sec., 465 F. App'x. 193, 197 (3d Cir. 2012) (the evidentiary weight and credibility of form reports in which physicians need only check off boxes or fill in blanks is questionable).

As a result, the ALJ's failure to discuss those regulatory factors does not warrant remand. Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 767 (3d Cir. 2016) (affirming ALJ opinion despite harmless error).

II.  Consistency Analysis

The ALJ must evaluate the intensity and persistence of the claimant's symptoms in light of the available evidence and determine the extent to which they limit claimant's ability to work.

20 C.F.R. § 404.1529(c)(3). To do so, the ALJ must determine whether a claimant's reported symptoms are "consistent with the objective medical evidence and other evidence of record," SSR 16-3p, 2016 WL 1119029, at *7, and this analysis must be supported by substantial evidence, see, e.g., King v. Berryhill, No. 17–149, 2018 WL 3655906, at *7 (E.D.N.C. Aug. 2, 2018) (finding "the ALJ's reasons for discounting claimant's testimony" were "supported by substantial evidence"); Nicholl v. Berryhill, No. 17–1485, 2018 WL 3702296, at *12 (C.D. Cal. Aug. 2, 2018) ("because substantial evidence supports the ALJ's assessment . . . no remand is required").

Makowski claims that fatigue, lower-back, and knee pain prevent him from working more than twelve hours per week. Pl. Br. 20–21. Makowski argues that the ALJ failed to "identify any specific conflict between [his] reported symptoms and limitations, and the medical evidence cited by the ALJ."[4] Id. at 15. I disagree.

The ALJ cited substantial evidence that is inconsistent with Makowski's claims. He noted that Makowski and his wife described his daily activities as including walking every other day for exercise, preparing meals, cleaning, walking his dogs, shopping, attending church, and working part-time. Tr. at 20–25, 165, 188. The ALJ also noted that the objective medical evidence establishes Makowski is capable of traveling and walking several miles, and that he is frequently alert with intact cognitive function. See e.g., at 605, 608, 633, 636, 639. "The

---

[4] Makowski also claims that the ALJ selectively cited medical records, "cherry-picking" evidence that supports his conclusions. See Pl. Br. 17–18, 21. The ALJ, however, did not omit material information from analysis. For example, in one instance, Makowski argues that the ALJ misleadingly cited a medical record that stated he completed a three-mile walk in sixty minutes but omitted evidence that Makowski went to the hospital with chest pain after the walk. Id. at 17. Makowski, however, omits that his doctor determined he was "stable from a cardiovascular standpoint." Tr. at 540. The ALJ is only required to give some reason for discounting the evidence he rejects, not address every detail. See Plummer, 186 F.3d at 429.

presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ]'s decision so long as the record provides substantial support for" it. Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 763–64 (3d Cir. 2009).

    An appropriate Order accompanies this opinion.